IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Detrine Hudson, ) | C/A No. 0:13-3075-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Case Manager Valorie Wilkinson; Counsellor ) | |
| Bonitta Huger; Warden Kenny Atkinson, et al, ) | |
| All Interested Parties; FBOP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Detrine Hudson ("Plaintiff"), a self-represented litigant, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the Bureau of Prisons and employees thereof (collectively, "Defendants").[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Federal Correctional Institution ("FCI") Edgefield, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

---

[1] Bivens established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006).  A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving a § 1983 claim is applicable in a Bivens action, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 818 n.30 (1982).



**I.      Factual and Procedural Background**

Plaintiff alleges that the defendants have conspired to deny him a review for possible residential reentry center ("RRC") placement under the Second Chance Act. (Compl., ECF No. 1 at 1–2.) Plaintiff asserts that the defendants are denying him consideration for RRC placement in retaliation for Plaintiff having filed federal civil actions against officers at Federal Prison Camp ("FPC") Montgomery in Alabama. (Id. at 2.) Plaintiff seeks monetary damages. (Id. at 3.)

**II.     Discussion**

  **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     Analysis

The Complaint asserts that the defendants have violated Plaintiff's right to due process by denying him consideration for RRC placement.  (ECF No. 2 at 3.)  However, prior to filing suit in federal court, a prisoner must first exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a).  See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, see Booth v. Churner, 532 U.S. 731 (2001), "using all steps that the agency holds out, and doing so *properly*."  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  Further, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."[3]  Jones v. Bock, 549 U.S. 199, 218 (2007). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense,

---

[3] The BOP has a three-tiered administrative grievance process.  See 28 C.F.R. §§ 542.10, et seq.  An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date of the Warden's response by filing Form BP-10. 28 C.F.R. § 542.15.  Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP-11. Id.



and not a jurisdictional infirmity. Id. at 216. However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore, 517 F.3d at 725; Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006).

In the instant case, Plaintiff submitted an informal resolution form, but alleges that further attempts to exhaust his administrative remedies "would not meet the Ends of Justice; because [Plaintiff] could not be afforded relief under further exhaustion of Administrative Remedy; . . . due to Defendants Conspiring to Deprive him of Due Process of Law."[4] (ECF No. 1 at 2.) While "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it," Moore, 517 F.3d at 725, the Complaint provides no facts to show that the defendants have in any way rendered the administrative exhaustion process unavailable to Plaintiff. Instead, Plaintiff alleges futility because the "legal time frame for release to an RRC under the Second Chance Act's statutory guideline" would not be attainable even if his administrative remedies were exhausted. (ECF No. 1 at 3.) However, the remedies afforded by a prison's administrative grievance process neither need to meet federal standards, nor are they required to be plain, speedy, and effective. See Porter, 534 U.S. at 524 (citation omitted); Booth, 532 U.S. at 741 (finding that exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings). Thus, Plaintiff's futility argument is without merit. As it is plain from the face of the Complaint that Plaintiff has not fully exhausted his claims through the BOP's administrative remedy process, this case is subject to summary dismissal.

---

[4] Plaintiff signed his informal resolution form on October 10, 2013. (ECF No. 1-1 at 1.) Plaintiff signed the Complaint less than one month later, on November 4, 2013. (ECF No. 1 at 3.)



### III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 20, 2013
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).