IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DETRINE HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 0:13-cv-3075-RMG |
| vs. ) | |
| ) | **ORDER** |
| Case Manager VALORIE WILKINSON; ) | |
| Counsellor BONITTA HUGER; Warden ) | |
| KENNY ATKINSON, et.al., All Interested ) | |
| Parties; FBOP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 10), recommending that this action be summarily dismissed without prejudice and without issuance of service. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service.

### Background

Plaintiff brought this *Bivens* action, alleging that he is entitled to a review by prison officials for possible placement at a residential reentry center (RRC) under the Second Chance Act and that Defendants have conspired to deny him such a review. (Dkt. No. 1.) Plaintiff claims that this alleged conspiracy has denied him due process of law and requests $9,999,999.99 in damages. (*Id.* at 3.) The Magistrate Judge recommends that this action be summarily dismissed pursuant to 28 U.S.C. §§ 1915, 1915A because it is apparent from the face of the Complaint that Plaintiff did not exhaust his administrative remedies. (Dkt. No. 10.) Plaintiff

1

filed a timely objection. (Dkt. No. 12.) In his objection, Plaintiff does not dispute that he failed to exhaust his administrative remedies but claims that exhaustion is "futile" and that he cannot be "afforded any justice nor relief under further exhaustion of administration remedy." (*Id.* at 2.) In the alternative, Plaintiff asks that the Court continue the case for 180 days to allow him to exhaust his administrative remedies. (*Id.* at 3.)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or

2

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## Discussion

The Magistrate Judge correctly found that the Complaint should be summarily dismissed. It is evident from the Complaint as well as Plaintiff's objection that he submitted only an informal resolution form (Form BP-8). (Dkt. No. 1 at 2; Dkt. No. 12 at 2.) In both his Complaint and his objections, Plaintiff claims that completing the formal grievance procedure would be futile.[1] (Dkt. No. 1 at 2-3; Dkt. No. 12 at 2.) The Prison Litigation Reform Act (PLRA) clearly requires an inmate to exhaust his administrative remedies prior to bringing a Section 1983 or *Bivens* action. *See* 42 U.S.C. § 1997e. "Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile." *E.g. Reynolds v. Doe*, 431 Fed. App'x 221, 222 (4th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Thus, Plaintiff's claims of futility do not relieve him of the requirement to exhaust administrative remedies.

In asking for a 180-day continuance, Plaintiff relies on a prior version of 42 U.S.C. § 1997e that was in effect before the PLRA took effect in 1996. *See* Dkt. No. 12 at 3; 42 U.S.C. § 1997e (1982). The PLRA "eliminated any reference to allowing for the continuance of an action." *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002). This change in language suggests that exhaustion is a precondition to suit and that a case filed before exhaustion

---

[1] The Bureau of Prisons has a three-tiered formal grievance process. If the matter cannot be resolved informally, the inmate must file a formal written Administrative Remedy Request (Form BP-9) within twenty days of the date that the basis for the complaint occurred, and he may appeal the response to the Regional Director and then the General Counsel. 28 C.F.R. §§ 542.14, 542.15.

must be dismissed rather than continued. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999); *cf. Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Therefore, the Court will dismiss rather than continue the case.

### Conclusion

The Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 10) as the order of this Court. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 9, 2014
Charleston, South Carolina